IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

DURAND MARQUIS STANBACK )
Plaintiff-Respondent )
)
Vs. )
)Case No. 3:25-cv-635-MOC
)
)
)
ROBERT LESTER )
Defendant-Petitioner )

**COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. 1983)**

## I. INTRODUCTION

1. This is a civil rights action pursuant to 42 U.S.C. § 1983 arising out of the unlawful detention and retaliatory contempt sanction imposed on Plaintiff for exercising protected constitutional rights during a child support proceeding.

2. Plaintiff, Durand-Marquis :Stanback, appearing pro se, seeks redress for deprivations of liberty, due process, and access to redress under color of state law.

## II. JURISDICTION AND VENUE

3. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 (federal question), and § 1343 (civil rights jurisdiction).

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), as all events occurred within Rowan County, North Carolina.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

FILED
CHARLOTTE, NC
AUG 22 2025
US DISTRICT COURT
WESTERN DISTRICT OF NC

| | |
|---|---|
| DURAND MARQUIS STANBACK<br>Plaintiff-Respondent | )<br>)<br>) |
| Vs. | )<br>)Case No. 3:25-cv-635-MOC<br>)<br>) |
| ROBERT LESTER<br>Defendant-Petitioner | )<br>) |

**COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. 1983)**

## I. INTRODUCTION

1. This is a civil rights action pursuant to 42 U.S.C. § 1983 arising out of the unlawful detention and retaliatory contempt sanction imposed on Plaintiff for exercising protected constitutional rights during a child support proceeding.

2. Plaintiff, Durand-Marquis :Stanback, appearing pro se, seeks redress for deprivations of liberty, due process, and access to redress under color of state law.

## II. JURISDICTION AND VENUE

3. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 (federal question), and § 1343 (civil rights jurisdiction).

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), as all events occurred within Rowan County, North Carolina.

## III. PARTIES

5. Plaintiff, Durand-Marquis :Stanback, is a private man domiciled in North Carolina.

6. Defendant, ROBERT LESTER is an agent of Rowan County DSS, sued in their individual capacity.

---

## IV. FACTUAL ALLEGATIONS

On or about 05-13-25, Plaintiff appeared before the Rowan County District Court in Case No. 22-CVD-1608, in connection with child support enforcement.

7. Plaintiff submitted affidavits asserting constitutional defenses, including:

- A Notice of Special Appearance challenging jurisdiction,

- An Affidavit of Right to Redress under Article III and the 14th Amendment,

- A Special Endorsement invoking UCC Article 3 as lawful tender for settlement.

8. These documents were timely filed and served on all necessary parties and left unrebutted in substance.

9. During the hearing, a state social worker identified Plaintiff as "Mr. Stanback," to which Plaintiff corrected by asserting his private capacity and designation as beneficiary.

10. This assertion was treated by the court as a contemptuous act, and Plaintiff was summarily held in contempt of court without a full hearing or opportunity to present legal justification for his constitutional and commercial redress.

11. Plaintiff was detained for 30 days, despite no willful disobedience or obstruction. His punishment was directly related to his assertion of constitutional rights, a violation of clearly established law.

12. While incarcerated, Plaintiff attempted to assert habeas corpus relief, but the state court ignored or failed to properly process it.

13. Plaintiff suffered emotional distress, unlawful loss of liberty, reputational harm, and ongoing damages due to the misuse of contempt proceedings and failure of the court and social workers to honor lawful redress or rebut sworn filings.

## V. CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF DUE PROCESS (14th Amendment)

14. Plaintiff realleges all preceding paragraphs.

15. Defendant deprived him of liberty without lawful due process.

### COUNT II – RETALIATION FOR ENFORCING FEDERAL LAW

(42 U.S.C. § 1983)

(Against Social Worker)

16. Plaintiff realleges all preceding paragraphs.

17. Prior to and during the child support proceeding, Plaintiff submitted sworn affidavits, special endorsements, and other filings in an attempt to enforce federal protections including:

- The Supremacy Clause (U.S. Const. Art. VI, Cl. 2),

- The First Amendment (right to petition and redress),

- The Fourteenth Amendment (due process),

- And provisions from the Uniform Commercial Code (UCC Articles 3 and 9) as adopted under federal commercial regulation.

18. Plaintiff's filings constituted a good-faith attempt to assert a federally protected right and settle the matter without further escalation, in line with federal law.

19. In response, Defendants—particularly the social worker—retaliated against Plaintiff by attempting to suppress lawful enforcement efforts.

20. Such actions constitute retaliation for attempting to enforce federal law, which violates clearly established constitutional rights and creates a foundation for federal jurisdiction under 28 U.S.C. § 1442, should further removal be necessary.

## COUNT III – FALSE IMPRISONMENT / UNLAWFUL DETENTION

21. Plaintiff's contempt was not supported by willful violation of court order, nor preceded by due process. As such, his 30-day confinement was arbitrary and unlawful.

## COUNT IV – FAILURE TO HONOR TENDER / RIGHT TO CONTRACT

(Against Rowan Child Support Enforcement)

22. Plaintiff offered lawful redress via special endorsement for settlement under Article 3.

23. The agency's refusal to acknowledge, respond to, or act on this endorsement while continuing collection violates contract and due process rights.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests:

1. Declaratory judgment that Plaintiff's affidavits and redress attempts were constitutionally protected and not contemptuous.

2. Injunctive relief, if needed, preventing future retaliatory contempt.

3. Any other relief the Court deems just and proper.

---

Respectfully submitted,

Durand-Marquis :Stanback

Plaintiff, pro se